UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY SHEPARD,

    Petitioner,                                         Case No. 09-15007

v.                                                    HON. AVERN COHN

GARY CAPELLO,

    Respondent.
_____/

## ORDER DENYING WITHOUT PREJUDICE
## PETITIONER'S MOTION FOR THE APPOINTMENT OF COUNSEL (Doc. No. 11)

I.

This is a habeas case under 28 U.S.C. § 2254. Before the Court is Petitioner's motion for the appointment of counsel. For the reasons that follow, the motion will be denied without prejudice.

II.

There exists no constitutional right to the appointment of counsel in civil cases, and the court has broad discretion in determining whether counsel should be appointed. Childs v. Pellegrin, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.") (internal quotation omitted). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

III.

Here, Petitioner has filed a twenty eight page petition for writ of habeas corpus, in which he raises seven claims for relief.  Petitioner has also attached several hundred pages of exhibits to his petition.  Petitioner has also attached to his habeas application his petition for writ of certiorari to the United States Supreme Court, his application for leave to appeal to the Michigan Supreme Court, and his brief on his direct appeal to the Michigan Court of Appeals, which were all prepared by the State Appellate Defender's Office.  Petitioner has also attached his post-conviction appeal to the Michigan Court of Appeals to his petition.  The Court is willing to incorporate the arguments raised in these appellate court pleadings as part of the application for writ of habeas corpus.  Clearly, Petitioner therefore has the means and ability to present his claims to the Court.  Furthermore, until Respondent files a response and the Rule 5 materials, the Court is unable to determine whether the appointment of counsel is warranted.  As such, the interests of justice at this point in time do not require appointment of counsel. See 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8©).

IV.

Accordingly, Petitioner's motion for the appointment of counsel is DENIED WITHOUT PREJUDICE.  The Court will reconsider the motion if, following receipt of the responsive pleadings and Rule 5 materials, the Court determines that appointment of counsel is necessary.

SO ORDERED.

Dated:  March 22, 2010          S/Avern Cohn
                                          AVERN COHN
                                          UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was mailed to Timothy Shepard, 213526, Baraga Maximum Correctional Facility, 13924 Wadaga Road, Baraga, MI 49908 and the attorneys of record on this date, March 22, 2010, by electronic and/or ordinary mail.

    S/Julie Owens
Case Manager, (313) 234-5160